IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

SCOTT L. APEL, JR,
    Plaintiff,

vs.                                                 3:06cv127/MCR/MD

CENTRAL INTELLIGENCE AGENCY,
    Defendant.

ORDER and
REPORT AND RECOMMENDATION

    This cause filed pursuant to Title 42 United States Code Section 1983 is presently before the court on plaintiff's civil rights complaint (doc. 1) and motion for leave to proceed *in forma pauperis*. (Doc. 2). Although plaintiff's motion appears inconsistent in that he indicates that he has no income from any sources but he has $1,000 cash on hand and a $300 monthly rental obligation, because the complaint is subject to dismissal, leave to so proceed will be granted.

    Since plaintiff is proceeding *in forma pauperis*, the court is required to dismiss the case at any time if it determines that the "action or appeal" is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(B). A complaint is frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989). "[T]he statute accords judges not only the authority to dismiss a claim based on an

indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.*, 490 U.S. 319, 327, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989). Dismissals on this ground may be ordered when the legal theories are "indisputably meritless," or when the claims rely on factual allegations that are "clearly baseless." *Id.* at 327, 109 S.Ct. at 1833; *Denton v. Hernandez,* 504 U.S. 25, 31, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992); *Williams v. Secretary for Department of Corrections,* 2005 WL 1130351 (11th Cir. 2005) (citing *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam) (internal quotations omitted)).

Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to the plaintiff. *Davis v. Monroe County Bd. Of Educ.*, 120 F.3d 1390, 1393 (11th Cir. 1997). The complaint may be dismissed only if it appears beyond doubt that plaintiff can prove no set of facts that would entitle him to relief. *Brown v. Budget Rent-A-Car Systems, Inc.*, 119 F.3d 922, 923 (11th Cir. 1997). Upon review of plaintiff's complaint, the court concludes that plaintiff has not presented an actionable civil rights claim and that sua sponte dismissal is therefore warranted. *Vanderberg v. Donaldson,* 259 F.3d 1321, 1323 (11th Cir. 2001).

Plaintiff alleges that he applied for a job with the defendant Central Intelligence Agency and he has not received any offer or denial of employment. Based on this lack of communication, he claims that the defendant is discriminating against him. He does not provide any details such as when he applied for the job, or whether he applied for an advertised job or merely submitted an unsolicited application or resume. As relief, he asks that the judge order the agency to respond in writing as to why they are denying him employment.

Plaintiff does not have a constitutional right to either employment with the defendant CIA, or a written explanation as to why he has been denied employment. Thus, the court cannot grant the requested relief. And, there is no apparent basis for plaintiff's claim of

discrimination that can be discerned from the complaint. Plaintiff does not indicate that he has been discriminated against on the basis of his race, color, religion, sex, or national origin, (42 U.S.C. § 2000e-2), age (29 U.S.C. § 621 et seq.), disability (42 U.S.C.A. § 12101 et seq.) or any other reason proscribed by law. If he believes that he can show statutorily prohibited discrimination and he has met any necessary prerequisites such as pursuing his claim through the Equal Employment Opportunity Commission, he may file an appropriate federal case. However, plaintiff clearly cannot successfully bring his action as a violation of 42 U.S.C. § 1983, because it fails to state a claim under this statute.

Accordingly, it is ORDERED:

Plaintiff's motion for leave to proceed *in forma pauperis* (doc. 2) is GRANTED.

And it is respectfully RECOMMENDED:

That this cause be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

At Pensacola, Florida, this 30th day of March, 2006.

/s/ *Miles Davis*
**MILES DAVIS
UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).

*Case No: 3:06cv127/MCR/MD*